SAMUEL I. RUSSELL

*v.*

SYCAMORE MARSH HARVESTER MANUFACTURING CO.

1. NEW TRIAL—*on the finding from evidence.* Where the evidence is conflicting and pretty evenly balanced, and the issues fairly submitted to the jury on proper instructions, the verdict of the jury will not be disturbed.

2. EVIDENCE. Where the defendant, when sued on a warranty, sought to exonerate himself, by showing he made the contract as agent for the company, whose president he was, and testified, without objection, as to the fact of his agency: *Held*, that the refusal of the court to allow him to testify that he collected the money due under the contract for the company was not erroneous, as it could not have added any weight to what he had already sworn to, and because the question for the jury was not so much whether he was agent, as whether he made the contract in that capacity.

3. In the same case, the plaintiff proved by a witness that defendant said plaintiff was getting a roof with the same warranty that A got. The witness also testified that A told him defendant was to warrant his work for five years. The defendant then offered in evidence the written warranty sent to A, to show that the warranty was by his company, which the

334 Russell v. Sycamore Marsh Harv. Man. Co. [Sept.T.,

Opinion of the Court.

court refused to admit. The warranty was not dated, and it was doubtful if it was not sent subsequently to the time of the conversation with the witness. The circumstances indicated that the words, "the same warranty that A got," referred to the character of the warranty, and not to the person making it: *Held*, that the ruling of the court was not erroneous.

Appeal from the Circuit Court of DeKalb county; the Hon. Theodore D. Murphy, Judge, presiding.

Mr. D. J. Schuyler, for the appellant.

Messrs. Divine & Pratt, for the appellee.

Mr. Chief Justice Lawrence delivered the opinion of the Court:

This was an action, brought by the appellee against Russell, to recover damages for breach of an alleged warranty as to the quality and durability of a composition roof placed on a building belonging to the appellee. The defense was, that the warranty, if made at all, was not by Russell in his individual capacity, but by him as the avowed agent of a company called the Pioneer Manufacturing Company, and that he was professing to bind the company, and not himself. He was, in fact, the president of the company.

The evidence is extremely conflicting, and the question in dispute was fairly submitted to the jury, on instructions to which no objection is taken. We are asked to reverse the judgment because the verdict is against the evidence; but we consider the evidence as very evenly balanced, and affording no ground for the interference of the court, whether the verdict had been for the plaintiff or defendant.

It is also urged that the court erred in excluding evidence as to the disposition made by Russell of the money received by him on his draft drawn on appellee for payment of the roof. The appellant desired to prove that he collected the money for the company. That was, however, in nowise material, except to show that Russell was acting as agent of the

company, and he was permitted to testify fully and without objection to that fact. The admission of proof that he was acting as agent in drawing the draft, and that he collected the money for the company, could not have added to the weight or force of his testimony already given as to the fact of agency. His actual agency may indeed be considered as proven, but the question for the jury was, whether he made the contract in that capacity.

It is also urged that the court should have admitted in evidence the written warranty sent to one Elwood, who had a roof put on his building about the same time. This evidence is claimed to have been admissible, because Marsh, the agent of the appellee, testified that when he was conversing with Russell about putting the roof on appellant's building, he understood from Russell that appellee was getting the roof with the same warranty that Elwood got; but he had just testified that Elwood had told him Russell was to warrant it for five years; and when, in the next sentence, he speaks of "the same warranty that Elwood got," we understand him to refer to the character of the warranty, and not to the person making it, since he had already stated Russell was to warrant. Besides, the written warranty to Elwood, offered in evidence, bears no date. It seems to have been sent when a draft was drawn on Elwood for payment of his roof, and was, probably, sent subsequently to the conversation between Marsh, Russell and Elwood. There is nothing to connect it with the warranty which Marsh supposed Russell had made to Elwood, when, as he says, he expected to get a similar one. We can not say the exclusion of this evidence was error. We find no ground for reversing the judgment.

The judgment of the court below is affirmed.

*Judgment affirmed.*